Frank A. Gulotta, J.
This is a motion by two of the defendants herein, to wit, the City of Long Beach and Foster E¡. Vogel, its corporation counsel, for summary judgment.
Papers for and against the motion run to several hundred pages hut I think the issue to be decided can be presented in a comparatively brief statement.
The plaintiff is a Baptist Church with a Negro congregation of simple folk whose pastor resides in Brooklyn, works there in a laundry full time and cares for his flock on weekends. They appear to have gotten into serious difficulty because of the pastor’s insistence that the church was exempt from aH taxes. *32 'While this is true as to taxes generally it was and is not true as to the water and sewer taxes of the defendant city.
On January 3,1955 a tax lien on the church property covering water and sewer taxes for the period December 1, 1953 to November 30,1954, in the amount of $25.20 was, pursuant to law, sold to Astor Associates, Inc.
By virtue of a notice to redeem purportedly served on one Ethel 'Smith, a trustee of the church, the, plaintiff had until January 6, 1956 to redeem the tax lien by paying $72 at the city tax office. I use the word “ purportedly ” purposely since it is seriously disputed that she was ever served, but for reasons which will appear later, I deem a determination of that issue unnecessary to a decision of this motion. This is not to say that the validity of the service of the notice of redemption is not an issue in the action pending and which is to continue against Morris Vogel.
The point is that an affidavit of service of said notice to redeem was duly filed with the city and therefore in October, 1956, when the Reverend Hall on behalf of the plaintiff tendered $72 at City Hall, the defendant city officially had no power to receive it, since it had to accept the affidavit of service on file at face value, and plaintiff’s time to redeem had expired some nine months before.
The court does not by this statement intend to condone the activities of one Lillian Conway, the principal account cleric of the city, who while she was telling Hall she did not know where Astor Associates was to be found, was actively carrying on negotiations with it on behalf of defendant Morris Vogel, whereby he took an assignment of the lien on June 13, 1957 for $74.93, followed by a Treasurer’s deed to the property on January 21, 1958. Thus for this picayune sum Morris Vogel has come into absolute ownership of property said to be worth $10,000.
The difficulty in attempting to hold the city as a party defendant, is that in order for the city to be held responsible for the actions of Conway, she would have had to be acting within the scope of her authority in taking part in a conspiracy, if such there was, to deprive plaintiff of its property. By no stretch of • the imagination can it be held that these acts, so foreign to her tasks as a city clerk, and exclusively for the benefit of Morris Vogel, were nevertheless within the scope of her municipal duties.
The plaintiff’s alternative position that the city must be a party defendant in order to make any judgment against Morris Vogel effective, is unsound, since the city itself did not buy the *33 tax lien, claims no interest in it, and is, as a matter of course, amenable to any directions the count may find it necessary to make to implement its judgment.
So far as the other moving defendant, Foster E. Vogel is concerned, if the purely conclusory allegations of the complaint are disregarded, it simmers down to nothing more than that he is being charged with being his father’s son.
It seems clear from the proof offered that Foster Vogel has not been a partner in Vogel, Vogel & Fremont since December, 1954, and equally clear that the law firm was in no wise involved in the alleged scheme to take over plaintiff’s property. But even if we assume for the purpose of argument that both of these conclusions are wrong and that he was a partner and that the law firm as such prepared the deed from the city to Morris Vogel, that would still not make him a part of the conspiracy complained of; viz. to lull the Reverend Hall into taking no action while proceeding apace to acquire first the lien, and then the deed to the church property.
If this alone were enough to make Foster Vogel a conspirator, then the other law partner B. Fremont would also be one. It is perfectly clear that he was not and, apparently, even the plaintiff does not contend that he was, since he has not been made a defendant.
Thus the question of whether there was a conspiracy and the ultimate effectiveness of the steps taken in furtherance of it, is not reached by this motion and is not passed upon at this time.
I conclude that the motion should be granted, and since both moving defendants will thus become nonparties to the litigation, the companion motion to vacate the notice to examine them before trial as parties, must likewise be granted on this ground, as well as upon the procedural grounds urged. Short-form order signed.